

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Benjamin Welikson**
phone: (212) 356-2459
fax: (212) 356-2509
email: bwelikso@law.nyc.gov

May 27, 2014

**BY ECF**
Clerk
United States Court of Appeals
  for the Second Circuit
40 Foley Square
New York, New York 10007

                     Re:  Fund, et al. v. City of New York, et al.
                            Docket No. 14-1621

       This letter is written to bring pertinent, supplemental authority to the attention of the Court with respect to plaintiffs-appellants' ("plaintiffs") motion.

       In their motion papers filed with this Court, plaintiffs argue that *Younger* abstention should not apply pursuant to the "extraordinary circumstances" exception to the doctrine because the New York City Commission on Human Rights (the "Commission"), in its entirety, is biased against them (Pls.' Mem. of Law in Supp. of Mot. at 6-7, 10-11). Plaintiffs sole evidence for this assertion is the public comments made by Patricia Gatling regarding their case and their bare claim that such comments will inevitably influence the Commission's Deputy General Counsel and the Commission's other independently appointed Commissioners (*see id.*).

       To demonstrate bias or prejudgment on the part of an administrative actor, a party must present evidence to "overcome a presumption of honesty and integrity in those serving as adjudicators." *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Further, this Court has held that it is "absurd to suggest, without more, that any bias on the part of a recused" decision maker will "somehow spread 'contagion-like' to infect the [agency] as a whole." *MFS Secs. Corp. v. SEC*, 380 F.3d 611, 619 (2d Cir. 2004) (holding that the personal recusals of two SEC Commissioners was sufficient to cure any impropriety or perceived impropriety with respect to the SEC's adjudicative proceedings). Similarly, without specific evidence to the contrary, there is no support for the assumption that "the bias or attitude of senior [agency] officials . . . [will] invariably trickle down to all employees" of the agency. *See D'Alessio v. SEC*, 380 F.3d 112, 122 (2d Cir. 2004).

Here, Commissioner Gatling's comments do not provide evidence of bias on the part of the entire Commission and its employees. *See Withrow*, 421 U.S. at 47; *MFS Secs. Corp.*, 380 F.3d at 619. Moreover, Commissioner Gatling has recused herself from consideration of plaintiffs' case. Thus, plaintiffs have already received the only potentially appropriate remedy in this case. Accordingly, this Court should affirm the district court's ruling that *Younger* abstention applies.

Thank you for your attention to this matter.

Respectfully submitted,

/s
Benjamin Welikson
Assistant Corporation Counsel

cc: Feder Kaszovitz LLP
Attorneys for Plaintiffs-Appellants